IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICKIE HILL                                                          PLAINTIFF

V.                                                CAUSE NO.: 1:11CV063-SA-DAS

MIKE HALFORD, individually and officially,
ROOSEVELT BRIDGES, individually and officially,
AND LOWNDES COUNTY SCHOOL DISTRICT                        DEFENDANTS

MEMORANDUM OPINION

Defendants have filed a Motion to Dismiss [55] seeking to clarify some of Plaintiff's claims made in this case. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART:

*Factual and Procedural Background*

Plaintiff, a teacher and coach with the Lowndes County School District, was relieved of his coaching duties after allegations regarding inappropriate contact with a female student surfaced. According to the Plaintiff, school officials forced him to undergo testing for sexually transmitted diseases and report the results of the tests to them.

An earlier filed motion by the Defendants in their individual capacities resulted in the Court dismissing the procedural due process and state law breach of contract claim against Roosevelt Bridges individually; the right to privacy claim against Mike Halford individually; and the Fifth Amendment claim against both actors individually. Defendants now seek a full dismissal of the Plaintiff's Fifth Amendment claims, and dismissal of the state law claims on the basis that Plaintiff failed to comply with the Mississippi Tort Claims Act.

*Motion to Dismiss Standard*

In evaluating a Rule 12(b)(6) motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a defendant's motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has the requisite facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Although a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Id.  A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the complaint and are central to the claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 499 (5th Cir. 2000). Further, a court may refer to matters of public record when deciding a motion to dismiss. Chauhan v. Formosa Plastics Corp., 212 F.3d 595, 595 (5th Cir. 2000).

*Discussion and Analysis*

Initially, the Court notes that Plaintiff raised no objection to the dismissal of his Fifth Amendment right against self-incrimination claims.  As explained in the Court's earlier memorandum opinion, the Fifth Amendment privilege against self-incrimination applies only when the government seeks "to make a criminal defendant a 'witness' against himself." Chavez

v. Martinez, 538 U.S. 760, 767, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003). Thus, Plaintiff's

Fifth Amendment claims against all Defendants are dismissed.

Defendants further contend that because Plaintiff did not send his Notice of Claim within

the time limits of the Mississippi Tort Claims Act, those state law tort claims against the School

District and those sued in their official capacities should be dismissed. The MTCA provides the

exclusive civil remedy against a governmental entity and its employees. MISS. CODE ANN. § 11-

46-7(1) (Rev. 2002). Mississippi Code Section 11-46-11 states the notice requirements for filing

a lawsuit under the MTCA. Kimball Glassco Residential Ctr. v. Shanks, 64 So. 3d 941, 944

(Miss. 2011). That section provides that a

> person having a claim for injury arising under the provisions of this chapter
> against a governmental entity or its employee shall proceed as he might in any
> action at law or in equity; provided, however, that ninety (90) days prior to
> maintaining an action thereon, such person *shall file a notice of claim* with the
> chief executive officer of the governmental entity. . . .

MISS. CODE ANN. § 11-46-11(1) (Rev. 2002) (emphasis added). The Mississippi Supreme Court

strictly applies the ninety-day-notice requirement of Section 11-46-11(1). Gorton v. Rance, 52

So. 3d 351, 358 (Miss. 2011); Univ. of Miss. Med. Ctr. v. Easterling, 928 So. 2d 815, 820 (Miss.

2006). "[T]he ninety-day notice requirement under section 11-46-11(1) is a 'hard-edged,

mandatory rule which the Court strictly enforces.'" Easterling, 928 So. 2d at 820 (quoting Ivy v.

General Motors Acceptance Corp., 612 So. 2d 1108, 1116 (Miss. 1992)). See also Price v. Clark,

21 So. 3d 509, 518-19 (Miss. 2009) ("Strict compliance with statutory notice is required,

regardless of why the plaintiff failed to provide notice."); Brown v. Sw. Miss. Reg'l Med. Ctr.,

989 So. 2d 933, 936 (Miss. Ct. App. 2008) (stating that "Easterling's strict compliance standard

is meant to apply equally to cases in which no notice is filed, notice is filed after the complaint,

or the complaint is filed sooner than ninety days after filing notice").

As to the invasion of privacy state law claim, Plaintiff admits that no notice was given and concedes that official capacity claims are subject to the Mississippi Tort Claims Act. Accordingly, Plaintiff's invasion of privacy state law actions against the Lowndes County School District and Roosevelt Bridges, in his official capacity, are dismissed. Plaintiff contends, however, that the invasion of privacy claim is brought against Roosevelt Bridges in his individual capacity; therefore, there was no need to comply with the MTCA.

Defendants also claim that Plaintiff's breach of contract claim is based in tort law, therefore, the Mississippi Tort Claims Act applies. If that Act applies, Plaintiff concedes he failed to comply with the Notice of Claim requirements under that Act. Plaintiff does bring a claim against Lowndes County School District and Mike Halford for "breaching Rickie Hill's contract . . . ." Plaintiff additionally alleges that Halford "cause[d] Rickie Hill's contract as teacher/coach to be unlawfully breached." To the extent that Plaintiff brings his breach of contract claim against the School District and the former superintendent for breaching Hill's contract, those claims are not governed by the Mississippi Tort Claims Act and therefore, survive this inquiry. Plaintiff's allegations against Halford for tortiously breaching the contract would fall under the provisions of the MTCA; therefore, to the extent Plaintiff claims Halford, in his official capacity, tortiously breached the contract, Plaintiff has failed to meet the threshold jurisdictional requirements by sending Notice of the Claim prior to instituting suit. However, Plaintiff's tortious breach of contract claim against Halford individually survives.

*Conclusion*

Defendants' Motion to Dismiss [55] is therefore, GRANTED IN PART and DENIED IN

PART.  At this point in the litigation, the following claims are still pending:

1. Procedural Due Process against Mike Halford, in his individual and official capacities, and the Lowndes County School District.

2. Fourteenth Amendment Right to Privacy against Roosevelt Bridges, in his individual and official capacities, and the Lowndes County School District.

3. Fourth Amendment prohibition against unreasonable search and seizure against Mike Halford, in his individual and official capacities, and the Lowndes County School District.

4. Breach of Contract against Mike Halford, in his individual and official capacities, and the Lowndes County School District.

5. Tortious Breach of Contract against Mike Halford, individually.

6. State Law Right to Privacy claim against Roosevelt Bridges in his individual capacity.

SO ORDERED, this the 10th day of October, 2012.

 **/s/ Sharion Aycock**_____
 **U.S. DISTRICT JUDGE**